## DANIEL ATWOOD *versus* ANDREW CASWELL.

The declaration in an action upon *St.* 1822, *c.* 38, which prohibits any person from interrupting or turning the course of the fish in Taunton Great River within the distance of one hundred rods from a certain mill-dam, for the purpose of taking the fish without or beyond that distance, averred that the defendant set obstructions to the passage of the fish within one hundred rods from such dam, whereby the fish were driven down to a place more than one hundred rods therefrom, where the defendant and others owned a fishery, and did fish, with the intention to catch and destroy the fish so driven back by means of the obstructions.   It was *held*, that the declaration was insufficient, there being no direct averment, that the defendant made the obstructions for the purpose of taking the fish at a greater distance than one hundred rods from the dam.

Under *St.* 1819, *c.* 133, § 4, prohibiting any person from setting any wear, &c. across Taunton Great River with the intention of catching or destroying shad or alewives, the *repairing* of an old wear, by placing bricks, bushes and stakes thereon, was held to be the *setting* of a wear, within the meaning of the statute.

DEBT.   The first count was upon *St.* 1819, *c.* 133, § 4, which provides, that if any person shall set any seine or net, wear or other obstruction, in or across Taunton Great River, with the intention to catch or destroy shad or alewives, within the time limited in the act, he shall forfeit the sum of $ 50 for each offence, to be recovered by indictment, or information, or by action of debt ; and it was averred that the defendant set a certain wear across the river, with the intention to catch or destroy shad or alewives, within the time limited in the act.

The second and third counts were upon *St.* 1822, *c.* 38,

42

which provides, that it shall not be lawful for any person to interrupt or turn the course of the fish in Taunton Great River, within the distance of one hundred rods from the mill-dam near King's bridge, for the purpose of taking such fish without or beyond that distance.

The second count set forth, that on a certain day, the defendant set and created obstructions to the passage of the shad and alewives up the river, and within one hundred rods of the dam near King's bridge, whereby great numbers of the fish were driven from their resting places immediately below such dam, down the stream to a place more than one hundred rods from the dam, where the defendant and others owned a fishery and did fish on the day in question, with the intention to catch and destroy the fish so driven back by means of such obstruc tions, contrary to the form of the statute, &c.

The third count was similar to the second.

At the trial, before *Putnam* J., it appeared that for several years before 1836, a wear had been erected across the river by some persons other than the defendant ; and that the defend·ant, at the time mentioned in the first count, repaired the wear, placing bricks, bushes and stakes thereon.

For the purposes of the trial, the judge ruled that the repairing of the wear was a violation of the statute ; and a verdict for the plaintiff was thereupon taken by consent, on all the counts. If the ruling was erroneous, the plaintiff was to discontinue as to the first count ; otherwise, judgment was to be entered on the verdict on that count.

The defendant also moved, that judgment might be arrested on the second and third counts, upon the ground, that it was not alleged in either of them, that the defendant committed the acts therein complained of, for the purpose of taking the fish without or beyond the distance of one hundred rods from the mill-dam near King's bridge.

*Oct. 25th.*     *Warren* and *E. P. Hathaway*, for the defendant, to the point, that the repairing of the wear was not the setting of a wear, within the meaning of *St.* 1819, *c.* 133, § 4, cited *United States* v. *Sheldon*, 2 Wheaton, 119 ; *Daggett* v. *The State of Connecticut*, 4 Connect. R. 60 ; *Booth* v. *The State of Connecticut*, 4 Connect. R. 65.

*Coffin* and *Stevens*, for the plaintiff.

WILDE J. delivered the opinion of the Court. The defendant moves in arrest of judgment as to the second and third counts, on the ground that it is not alleged in either of them, that the defendant committed the acts complained of with the 'ntention or for the purpose of taking the fish mentioned in the declaration, without or beyond the distance of one hundred rods from the dam near King's bridge, so called. In each count it is alleged, that the defendant did set and make obstructions to the passage of the fish within one hundred rods of the dam, whereby the fish were driven more than one hundred rods below the dam, and that the defendant did, on the day mentioned in the declaration, fish, with the intention to catch and destroy the fish so driven back by means of such obstructions. But there is no direct averment that the defendant made the obstructions for that purpose, and unless they were so made, there has been no violation of the statute. The intent with which the obstructions were made, is the essence of the offence, and must be directly alleged, and not by way of argument or inference.

As to the first count, it is objected, that the repairing of the wear by the defendant was not the setting of a wear, within the true meaning of the statute. It was proved, that the defendant repaired the wear by placing bricks, bushes and stakes thereon ; which we think is clearly against the true meaning of the words of the statute.

*Judgment for the plaintiff on the first count.*

Atwood<br>
*v.*<br>
Caswell.<br>
<hr>
*Oct. 28th.*